## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK D. CHAPMAN, *et al.*,

                Plaintiffs,

       v.

GENERAL MOTORS LLC,

                Defendant.

Case No. 2:19-cv-12333-TGB-DRG

Hon. Terrence G. Berg
Magistrate Judge David R. Grand

## JOINT MOTION FOR AN ORDER AUTHORIZING
## GENERAL MOTORS TO FILE MOTION TO EXCLUDE PLAINTIFFS'
## EXPERT EDWARD M. STOCKTON IN PARTIALLY REDACTED FORM
## <u>AND TO FILE CERTAIN EXHIBITS UNDER SEAL</u>

## <u>STATEMENT OF THE ISSUE PRESENTED</u>

Should GM be granted leave to file in partially redacted form its Motion to Exclude Plaintiffs' Expert Edward M. Stockton because GM maintains that the information to be redacted reflects information that this Court previously ordered to be sealed and redacted?

       Plaintiffs say:      Yes.

       GM says:      Yes.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

Fed. R. Civ. P. 5.2(d)

Fed. R. Civ. P. 26(c)(1)

E.D. Mich. Local Rule 5.3(b)

# INTRODUCTION

The parties jointly seek an order to redact two limited categories of information from General Motors LLC's Motion to Exclude Opinions and Testimony of Plaintiffs' Expert Edward M. Stockton.

First, the parties seek to redact from the Motion to Exclude certain information that was previously redacted from Plaintiffs' Motion for Class Certification and certain sealed exhibits attached to that motion, including Mr. Stockton's expert report (ECF No.112-22), which was sealed by the Court (April 20, 2022 Text Order).

Second, GM seeks to redact limited portions of Mr. Stockton's April 12, 2022 Supplemental Report, which contain information derived from certain documents that GM has designated as 'CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the Protective Order entered in this case. *See* ECF No. 44.

This Court previously granted the parties' Joint Motion for an Order authorizing plaintiffs to file their Motion for Class Certification and certain accompanying exhibits—including Mr. Stockton's expert report—under seal on similar grounds. *See* April 20, 2022 Text Order granting Joint Motion to Seal; *see also* ECF No. 111, Joint Motion to Extend Briefing Schedule.

GM maintains that the information and referenced documents that are the subject of this motion reflect information that has already been sealed or redacted pursuant to this Court's April 20, 2022 Order, or that reflects confidential and

proprietary business information and trade secrets, including warranty and repair data, and operating and financial information about GM-authorized dealerships. *See* Exhibit A, Declaration of April N. Ross, May 6, 2022. GM further maintains that this information is entitled to protection under federal law.

Plaintiffs do not challenge the sealing of the documents identified herein at this time to facilitate the filing of GM's Motion to Exclude. However, pursuant to Paragraph (I)(4)(3)(b) of the governing Protective Order, plaintiffs "do[] not waive [their] right to challenge a Confidential or Highly Confidential designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate." ECF No. 44 at 7, PageID.4814-4815. Plaintiffs take no position at this time as to whether the documents should remain sealed indefinitely. Plaintiffs join in the motion to seal, but reserve the right to challenge the propriety of keeping the documents and testimony at issue under seal.

GM proposes to file an unredacted version of it's the Motion to Exclude and associated exhibits under seal, wherein the yellow highlighted portions reflect content sought to be redacted.

## GM'S ARGUMENT

Local Rule 5.3(b)(3)(A) permits a party seeking to file an item under seal to file and serve a motion setting forth the authority for sealing or redacting and the

reasons sealing or redacting is appropriate.  The rule provides that the moving party provide (i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects; (ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record; (iii) whether the proposed sealed material was designated as "confidential" under a protective order and by whom; (iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority; (v) a redacted version of the document(s) to be sealed, filed as an exhibit to the motion, unless the proponent of filing is seeking to file the entire document under seal, in which case a blank sheet shall be filed as an exhibit; and (vi) an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal. E.D. Mich. L.R. 5.3(b)(3)(A).

### A.   Index of Confidential Materials at Issue

GM seeks to redact limited information from the Motion to Exclude Opinions and Testimony of Plaintiffs' Expert Edward M. Stockton. Most of the redacted information was previously redacted from Plaintiff's Motion for Class Certification and exhibits and filed under seal pursuant to this Court's April 12, 2022 Order. In addition, certain data in Mr. Stockton's April 12, 2022 Supplemental Expert Report was derived from the following materials, which GM designated as "confidential"

under the protective order by GM. *See* ECF No. 44. As indicated below, no party objects to these proposed redactions. *See* E.D. Mich. L.R. 5.3(b)(3)(A)(i) and (iii).

| | Description of Confidential Materials Disclosed In Stockton Supplemental Report | Objections from Parties | Designated Confidential or Highly Confidential |
|---|---|---|---|
| 1. | GM_CP4_000224548: non-public competitively-sensitive confidential GM warranty and repair data. | None | Yes |
| 2. | GM_CP4_000224902: non-public competitively-sensitive confidential GM warranty and repair data. | None | Yes |
| 3. | GM_CP4_000224543: non-public competitively-sensitive confidential operating and financial information about GM-authorized dealerships. | None | Yes |
| 4. | GM_CP4_000224899: non-public competitively-sensitive confidential operating and financial information about GM-authorized dealerships. | None | Yes |

## B. Redacted and Unredacted Copies

GM seeks to file its Motion to Exclude partially under seal, with quotations from or descriptions of previously sealed documents and the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents listed above redacted. GM will file an unredacted version of its Motion to Exclude and accompanying exhibits under seal, wherein the highlighted portions reflect the content GM seeks to seal.

### C. Controlling Legal Authority Supports Filing These Materials Under Seal

A court has supervisory powers over its records and files to seal documents under appropriate circumstances. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978). In the Sixth Circuit, "[m]otions to seal have been granted as to...information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it or to prevent dissemination of business information that might harm a litigant's competitive standing." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 2018 WL 1811471, at *3 (E.D. Mich. Apr. 17, 2018).

Here, the proposed sealing is as narrow as possible without disclosing the contents of the document at issue. As noted above, the information contained in the designated materials reflects sensitive internal GM business information, practices and procedures taking the form of non-public warranty and dealership financial data, and is intended to be kept confidential. Courts in this district have granted motions to file similarly confidential competitively-sensitive information where, as here, "the materials are confidential, are not judicial documents, and that the presumption in favor of public access is overcome because the references to confidential and/or proprietary information would inflict competitive or financial harm. *Counts v. Gen. Motors, LLC*, 2021 WL 4241014, at *2 (E.D. Mich. Mar. 15, 2021); *Ford Motor Co.*

*v. InterMotive, Inc.*, 2020 WL 2781827, at \*1 (E.D. Mich. May 29, 2020) (granting motion to seal "exhibits involve trade secrets not readily available to the public and regarding which the public's interest is outweighed.").

## CONCLUSION

For the foregoing reasons, the parties respectfully request that this Court enter a text-only order authorizing GM to file in partially redacted form its Motion to Exclude Opinions and Testimony of Plaintiffs' Expert Edward M. Stockton, and authorizing GM to file exhibits sealed and redacted that quote and reflect information from GM's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents.

Dated: May 6, 2022                    Respectfully submitted,

/s/ *April N. Ross*
Kathleen Taylor Sooy
April N. Ross
Rachel P. Raphael
Charlotte E. Gillingham
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: 202-624-2500
Facsimile: 202-628-5611
ksooy@crowell.com
aross@crowell.com
rraphael@crowell.com
cgillingham@crowell.com

*Counsel for General Motors LLC*

Steve W. Berman
Jerrod C. Patterson
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
jerrodp@hbsslaw.com


Robert C. Hilliard
Lauren Akers
Bonnie Rickert
HILLIARD MARTINEZ GONZALES LLP
719 S. Shoreline Blvd.
Corpus Christi, TX 78401
Telephone: (361) 882-1612
bobh@hmglawfirm.com
lakers@hmglawfirm.com
brickert@hmglawfirm.com


E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt, Jr. (P81118)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile  (248) 652-2852
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com

Russell D. Paul
Jeffrey L. Osterwise
Amey J. Park
Abigail J. Gertner
BERGER MONTAGUE PC
1818 Market Street Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
rpaul@bm.net
josterwise@bm.net
apark@bm.net
agertner@bm.net

Sidney D. Torres, III
Roberta L. Burns
Beau F. Camel
Valerie L. Rodrigue
LAW OFFICES OF SIDNEY D. TORRES, III,
A PROFESSIONAL LAW CORPORATION
8301 West Judge Perez Drive, Suite 303
Chalmette, LA 70043
Telephone: (504) 271-8422
Facsimile:  (504) 271-1961
storres@torres-law.com
rburns@torres-law.com
bcamel@torres-law.com
vrodrigue@torres-law.com

Eric H. Gibbs
David Stein
Steven Lopez
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
ehg@classlawgroup.com
sal@classlawgroup.com

*Attorneys for Plaintiffs and the Classes*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2022, I electronically filed the foregoing document with the Court via CM/ECF, which will automatically send notice and a copy of same to counsel of record via electronic mail.

By: <u>/s/ *April N. Ross*</u>
      April N. Ross