UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK D. CHAPMAN, ET AL.**<br><br>Plaintiffs,<br><br>vs.<br><br>**GENERAL MOTORS LLC,**<br><br>Defendant. | **2:19-CV-12333-TGB-DRG**<br><br>**ORDER DENYING IN PART AND GRANTING IN PART GM'S MOTION FOR RECONSIDERATION (ECF NO. 171)** |

Before the Court is GM's Motion for Reconsideration of the Court's March 31, 2023 Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification. ECF No. 171. The Court will not order a response from Plaintiffs. For the reasons below, the motion will be **DENIED IN PART** and **GRANTED IN PART.**

## I.     BACKGROUND

This case is about a defect in GMC and Chevrolet trucks with 6.6L Duramax engines from model years 2011-2016, caused by GM's decision to equip the vehicles with Bosch CP4 pumps. Since it was filed in 2019, five other cases have been consolidated with it.

Following the Court's resolution of GM's Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint, Plaintiffs moved for class certification. The Court granted in part and denied in part that motion, certifying the following seven classes on the following claims:

> 1. All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in California

1

from March 1, 2010, to the date of the Court-ordered notice to the Certified California Class, on claims for: (i) violation of the California Unfair Competition Law, Cal Bus. & Prof. Code § 17200 et seq. [Count F.I]; (ii) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq. [Count F.II]; and (iii) violation of the implied warranty of merchantability under California law, Cal. Civ. Code § 1791 et seq. [Count F.III], and the Magnuson-Moss Warranty Act [A.I].

2. All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in Florida from March 1, 2010, to the date of the Court-ordered notice to the Certified Florida Class, on a claim for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 510.201 et seq. [Count K.I].

3. All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in Illinois from March 1, 2010, to the date of the Court-ordered notice to the Certified Illinois Class, on a claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. [Count O.I].

4. All persons who purchased one or more of the Class Vehicles from a GM-authorized dealership in Iowa from March 1, 2010, to the date of the Court-ordered notice to the Certified Iowa Class, on a claim under the Iowa Private Right of Action for Consumer Frauds Act, Iowa Code Ann. § 714H.1 et seq. [Count Q.I].

5. All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in New York from March 1, 2010, to the date of the Court-ordered notice to the Certified New York Class, on a claim for violation of the New York Deceptive Practices Act, N.Y. Gen. Bus. Law § 349(a) [Count HH.I].

6. All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in Pennsylvania from March 1, 2010, to the date of the Court-

ordered notice to the Certified Pennsylvania Class, on a claim for violation of the implied warranty of merchantability under Pennsylvania law, 13 Pa. Cons. Stat. Ann. § 2314 [Count NN.II], and the Magnuson-Moss Warranty Act [A.I].

7. All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in Texas from March 1, 2010, to the date of the Court-ordered notice to the Certified Texas Class, on a claim for violation of the implied warranty of merchantability under Texas law, Tex. Bus. & Com. Code §§ 2.314 & 2A.212 [Count IV in the Click complaint], and Magnuson-Moss Warranty Act [A.I].

ECF No. 170. It also appointed the following individuals as class representatives: Stacy Wade Sizelove (CA), Calvin Smith (CA), Kevin Lawson (CA), Holly Reasor (FL), Nathan Howton (IL), Trisha Alliss (IL), William McDuffie (IA), Mark Chapman (NY), Bryan Joyce (PA), Troy Bowen (TX), Homero Medina (TX), and Jacqueline Bargstedt (TX).[1] *Id.*

GM now moves for reconsideration of that order. ECF No. 171.

## II.   LEGAL STANDARD

In this District, motions to reconsider non-final orders must be filed within 14 days of the order challenged and may only be brought only on the following grounds:

(a) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
(b) An intervening change in controlling law warrants a different outcome; or

---

[1] The Court's order also stated it was appointing Michael John McCormick as a representative for the Alabama class. This was scrivener's error; the Court did not certify an Alabama class.

3

(c) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

L.R. 7.1(h)(2). Responses to such motions are not permitted unless the Court orders otherwise. L.R. 7.1(h)(3).

## III. ANALYSIS

GM proceeds under Local Rule 7.1(h)(2)(a), charging that the Court's March 31, 2023 Order contains five fatal mistakes.

### A. Arbitration Defense

GM first contends that the Court was mistaken in relying on the Sixth Circuit's decision in *Manasher v. NECC*, 310 F. App'x 804 (6th Cir. 2009), to conclude that GM waived its arbitration rights by failing to plead arbitration as an affirmative defense in its Answer or otherwise attempting to assert its rights earlier in this litigation. ECF No. 171, PageID.41678-79. Relying on several out-of-circuit decisions from cases in varying postures, GM argues that the Court deprived it of its right to assert the defense against absent class members. *Id.* at PageID.41678-81.

But this case is factually indistinguishable from *Manasher*. GM makes no argument to the contrary, and that decision has not been overruled. In *Manasher*, the defendants failed to plead arbitration as an affirmative defense in their answer after removing a putative class action from state court to federal court. 310 F. App'x at 805. A year after the

4

complaint was filed, after participating in motion practice,[2] defendants for the first time attempted to assert their arbitration rights in a motion to compel arbitration. *Id.* at 806. The Sixth Circuit agreed with the district court that, by failing to plead arbitration as an affirmative defense and then actively participating in litigation for a year, defendants waived their arbitration rights. *Id.*

GM also does not address Federal Rule of Civil Procedure 8(c)(1), which requires a defendant to plead arbitration as an affirmative defense. Of course, failure to invoke an affirmative defense in a responsive pleading does not *always* result in waiver. *See Seals v. General Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993). Yet in the almost four years of litigation preceding Plaintiffs' class certification motion GM never once raised the issue of arbitration, despite several opportunities.[3]

---

[2] This motion practice included a class certification motion, which the district court denied without prejudice, and a motion to amend the complaint, so there was no certified class in place when the defendants sought to compel arbitration.

[3] Nor did GM mention arbitration as a defense in any of the five cases that have been consolidated with this case, some of which have been pending since 2018. *See In re: General Motors LLC CP4 Fuel Pump Litig.*, 3:18-CV-07054 (N.D. Cal.) (no mention of arbitration defense in motion to dismiss at ECF No. 39 or 45-page answer at ECF No. 58); *Ginebra v. General Motors LLC*, 1:18-CV-25209 (S.D. Fla.) (no mention of arbitration in motion to dismiss at ECF No. 18 or in motion to dismiss amended complaint at ECF No. 27); *Dawson v. General Motors LLC*, 3:19-CV-08680 (D.N.J.) (no mention of arbitration in motion to dismiss at ECF

*See* ECF No. 12 (first motion to dismiss); ECF No. 48 (second motion to dismiss); ECF No. 66 (hearing on second motion to dismiss); ECF No. 86 (361-page answer to second amended complaint).

Like any other contractual right, the right to arbitrate can be waived. *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022). "Waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotations omitted). The question for the Court to resolve in determining whether a party has waived its right to arbitration is: did that party act inconsistently with that right? *Morgan*, 142 S. Ct. at 1714. The answer to this question is yes: by actively participating in litigation for almost four years, including filing dispositive motions and taking discovery, in six different forums without once mentioning arbitration as an affirmative defense, GM acted inconsistently with its arbitration rights and therefore waived them. *Cf. Gutierrez v. Wells Fargo Bank, N.A.*, 889 F.3d 1230, 1239 (11th Cir. 2018) (defendant did not waive arbitration rights by participating in motion practice where defendant asserted arbitration as an affirmative defense in answer to complaint and expressly noted intention to invoke arbitration defense in briefing on various motions). GM has said nothing that suggests the Court's ruling

---

No. 13); *Fortemayer v. General Motors LLC*, 2:19-CV-14667 (E.D. La.) (no mention of arbitration in any filings); *Click v. General Motors LLC*, 2:18-CV-00455 (S.D. Tex) (no mention of arbitration in motion to dismiss at ECF No. 24 or in 50-page answer at ECF No. 86).

was mistaken. And as to whether the Court has "deprived" GM of its right to assert the defense against absent class members, GM's own decision to sleep on that right for years is the cause of any such deprivation.

The motion for reconsideration on this ground is **DENIED**.

## B. Manifest Defect Requirement

GM next complains that the Court's class certification ruling violated California, Pennsylvania, and Texas implied warranty law and other states' consumer protection laws requiring a manifest defect. ECF No. 171, PageID.41682. GM says that these claims cannot be certified because the manifest defect rule defeats a finding of predominance.[4] *Id.*

These challenges merely rehash arguments this Court has already considered and rejected. GM quibbles with the Court's conclusion that Plaintiffs' claims are susceptible to class-wide proof through internal memoranda, warranty records, and expert testimony because, it says, this evidence is "insufficient" to prove merchantability under the laws of Pennsylvania, Texas, and California—and the consumer protection laws of New York and Florida. But its argument conflates the issue of whether

---

[4] In a footnote, GM complains that it "did not have an opportunity to fully brief these and other issues addressed in this motion because plaintiffs first proposed their single-state implied warranty classes *after* the hearing on their motion." ECF No. 171, PageID.41684. But GM *twice* briefed its position regarding the manifest defect rule—first generally in response to the proposed multi-state class, and then later as applied specifically to the Texas, Pennsylvania, and California implied-warranty-of-merchantability claims. ECF Nos. 116/117 & 157.

common questions of fact will predominate with whether those questions will ultimately be answered favorably on the merits. *See Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013) (Rule 23(b)(3) requires "a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." (emphasis in original)).

The motion for reconsideration on this ground is **DENIED**.

## C. Other California Law Issues

GM further argues that the Court's class certification order "improperly applies California warranty law in two other fundamental respects, enlarging the substantive rights of the California class members to the detriment of GM in violation of the Rules Enabling Act." ECF No. 171, PageID.41690. According to GM, the Court committed a fatal error in failing to limit the California class to individuals who purchased new vehicles for personal use, because only those individuals may recover under California's Song-Beverly Act. *Id.*

The Court acknowledged these limitations but explained that it was declining to limit the California Class because it was also certifying an Unfair Competition Law claim, which does not have similar limitations. Specifically, the Court ruled: "[A]ny issues on this score will not defeat predominance. Instead, if Plaintiffs prevail on the merits of all of their California claims, these issues will become issues of damages allocation."

ECF No. 170, PageID.41635-36. GM's motion does not acknowledge this ruling, much less identify an outcome-dependent mistake in it.

The motion for reconsideration on this ground is **DENIED**.

## D. Alternative Causation and Non-Uniform Communications

GM also contends that the "Class Certification Order mistakenly ignores the evidence that fuel pump failures have many causes unrelated to plaintiffs' alleged defect theory." ECF No. 171, PageID.41692. It further takes issue with the Court's belief that Plaintiffs' proposal to limit their classes to individuals who purchased vehicles from GM-authorized dealerships streamlines their proofs. *Id.* at PageID.41693.

The Court did not ignore evidence regarding alternative causes. Instead, it concluded that the possibility that there are alternative causes does not defeat a finding of predominance on the claims that were certified. GM is free to introduce evidence regarding alternative causes at summary judgment or trial. But as it stands, Plaintiffs' expert Dr. Edgar opines that alternative causes of fuel pump failures are de minimis. This creates a fact question over whether an inherent design defect exists. This can be answered once and for all on behalf of the class.

GM's challenge that the order "mistakenly and repeatedly relies on the erroneous assumption that GM dealers and GM dealership employees communicate the same message uniformly to all class members" is also unavailing. Plaintiffs' theory is that GM concealed—and continues to conceal—the defect from consumers. Whether GM

concealed the defect—or caused it to be concealed—at the point-of-sale is susceptible to common proof.

The motion for reconsideration on this ground is **DENIED.**

### E. Damages Models

GM also asserts that the Court was mistaken in its conclusion that Plaintiffs' two damages models comported with Rule 23 and *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013). According to GM, the Court ignored three "fundamental" problems with the models: 1) mini-trials will be required to determine whether class members are part of the "failure" group or the "overpayment" group; 2) some class vehicles may fall both into the "failure" and "overpayment" group because they have had different owners and the class includes both current and former owners of those vehicles; and 3) "clear" conflicts of interest exist between class representatives and absent class members who belong to different groups. ECF No. 171, PageID.41694-96.

These arguments are disingenuous. Which "group" a class member falls into is a damages allocation issue and does not defeat a finding of predominance. If a jury concludes that GM is liable for damages, damages will be allocated on a per plaintiff—rather than a per vehicle— basis. Nor can this Court discern any conflicts of interest between class members of the two different groups.

The motion for reconsideration on this ground will be **DENIED**.

### F. Adequacy of Class Representatives

In a footnote, GM asserts that Troy Bowen is not an adequate Texas Class representative because he did not purchase his truck from a GM-authorized dealership in Texas. ECF No. 171, PageID.41696.

Though it raised challenges to the adequacy of other proposed class representatives elsewhere, GM did not challenge Bowen's adequacy as a class representative in its supplemental briefing. Nonetheless, having reviewed again the pleadings in this case, the Court agrees with GM that Bowen cannot represent the Texas Class. The *Click* complaint alleges that Bowen purchased his truck from Patterson Truck Stop, a pre-owned truck dealership in Longview, Texas. The dealership is not GM-authorized, and Texas Class membership requires purchase of a vehicle from a GM-authorized dealership in Texas.

Though not raised by GM, the Court also notes that *Click* complaint additionally alleges that Homero Medina purchased his truck from Always Odem in Odem, Texas. Like Patterson Truck Stop, this dealership is not GM-authorized, so Medina also does not qualify as a class member and cannot represent the class.

Troy Bowen and Homer Medina therefore are removed as representatives of the Texas class. Jacqueline Bargstedt remains a representative for the Texas class.

11

## IV.   CONCLUSION

For the reasons explained above, GM's motion for reconsideration is **DENIED** on all grounds with the exception of its challenges to the adequacy of two Texas class representatives, Troy Bowen and Homer Medina; on that single issue, the motion is **GRANTED**.

**SO ORDERED** this 5th day of June, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge