UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK D. CHAPMAN, ET AL.**  Plaintiffs,  vs.  **GENERAL MOTORS LLC,**  Defendant. | **2:19-CV-12333-TGB-DRG**  **ORDER DENYING REQUEST TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL (ECF NO. 172)** |

GM would like to appeal a portion of the Court's March 31, 2023 Order resolving the parties' *Daubert* motions. It therefore asks the Court to certify its order for an interlocutory appeal. For the reasons explained below, the request will be **DENIED**.

## I. BACKGROUND

This case is about an alleged defect in GMC and Chevrolet trucks with 6.6L Duramax engines from model years 2011-2016, caused by GM's decision to equip the vehicles with Bosch CP4 pumps. Since it was filed in 2019, five other cases have been consolidated with it.

Following the Court's ruling on GM's Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint, Plaintiffs moved for class certification, and both parties filed *Daubert* motions, challenging the admissibility of one another's expert witnesses—who offered opinions for and against class certification. ECF Nos. 111/112 (class certification), 119/120 (motion to exclude Stockton's testimony), 121 (motion to exclude

1

Dr. Edgar's testimony), 122 (motion to exclude testimony of Gaskin and Weir), 124/125 (motion to exclude Harrington's testimony).

On March 31, 2023, the Court entered orders certifying seven state-specific classes and denying the parties' *Daubert* motions. ECF Nos. 169, 170. GM now asks for the Court to certify under 28 U.S.C. § 1292(b) a portion of its ruling on the *Daubert* motions for interlocutory appeal. ECF No. 172. Plaintiffs oppose the request. ECF No. 173.

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1292(b), when a district court is of the opinion regarding an otherwise non-appealable order that "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation," the court should say so in its order. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). Appellate review under § 1292(b), committed to the discretion of the court of appeals, "is granted sparingly and only exceptional cases." *Id.*

## III.  ANALYSIS

GM seeks to appeal the Court's ruling denying its motion to exclude the testimony of Plaintiffs' experts Steven Gaskin and Colin Weir. ECF No. 172, PageID.41979-81. As the Court's order explained, Plaintiffs retained Gaskin and Weir to determine the reduction in market value of the class vehicles caused by the allegedly defective pump and to validate

a framework for calculating overpayment damages—*i.e.*, the damages of consumers who have not experienced a fuel pump failure but who allegedly suffered a diminution in the value of their vehicles because of the allegedly defective pump. ECF No. 169, PageID.41593. Gaskin and Weir accomplished these tasks by designing and administering a choice-based conjoint analysis survey and then preparing separate reports detailing their assumptions and findings. *Id.* at PageID.41596.

According to GM, the admissibility of Gaskin and Weir's opinions is a controlling question of law because it has "significant importance" to class certification and to the ability of over 90% of absent class members to recover. ECF No. 172, PageID.41979-81. In the Sixth Circuit, a legal issue is "controlling" if it "could materially affect the outcome of the case;" it need not be one that would terminate the litigation or be determinative of the merits. *In re City of Memphis*, 293 F.3d at 350; *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). "A legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of the trial court." *In re City of Memphis*, 293 F.3d at 351. A district court's determination to admit or exclude expert testimony is reviewed for abuse of discretion. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528 (6th Cir. 2008). And "[a]n allegation of abuse of discretion on an evidentiary ruling does not create a legal issue under § 1292(b)." *In re City of Memphis*, 293 F.3d at 351.

3

GM's remaining arguments fare no better. Maintaining that Gaskin and Weir did not adequately account for supply-side factors in their analysis, GM next argues that there are substantial grounds for difference of opinion regarding the suitability of their expert methodology. ECF No. 172, PageID.41980. "Substantial grounds for a difference of opinion exist when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *West Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015,1019 (W.D. Tenn. 2000) (internal quotations omitted).

GM highlights the Court's recognition that the Sixth Circuit has not considered how supply-side factors should be accounted for in a conjoint analysis and notes that a handful of district courts have reached contrary conclusions. ECF No. 172, PageID.41980. But the fact that different judges reached different decisions based on separate records underscores why this issue does not lend itself to immediate interlocutory review. *Daubert* affords trial judges "considerable leeway." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). GM did not challenge the admissibility of conjoint analysis generally, and—as the Court explained in its order—GM offered nothing (and continues to offer nothing) to suggest that Gaskin and Weir's analysis deviated in any significant way from the usual principles by which a conjoint analysis survey is designed. ECF No. 169, PageID.41599. Its issues with Gaskin and Weir's

4

methodology go to the weight of their testimony, not to its admissibility. Moreover, as Plaintiffs point out, the weight of authority runs against GM's arguments. ECF No. 173, PageID.42002.

Finally, GM argues that an immediate appeal may materially advance the ultimate termination of the litigation because exclusion of Gaskin and Weir's opinions would leave Plaintiffs without a damages model that satisfies *Comcast*. ECF No. 172, PageID.41981. But even if Gaskin and Weir's models are excluded, Plaintiffs still have Stockton's damages model—which GM has not chosen to challenge in this specific motion. "When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the termination of the litigation." *In re City of Memphis*, 293 F.3d at 351 (internal citations omitted).

The Court therefore finds that there is no sufficient basis under § 1292(b) to separately certify for appeal the issues identified by GM.

## IV. CONCLUSION

For the reasons explained above, GM's motion to certify an issue for interlocutory appeal is **DENIED.**

**SO ORDERED** this 5th day of June, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

5