UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK CHAPMAN, *et al.*,**<br><br>Plaintiffs,<br><br>vs.<br><br>**GENERAL MOTORS LLC,**<br><br>Defendants. | 2:19-CV-12333-TGB-DRG<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**(ECF NO. 222)** |

  Plaintiffs Mark Chapman, Kyle McDuffie, Bryan Joyce, Stacy Wade Sizelove, Kevin Allen Lawson, Holly Reasor, Homero Medina, Jacqueline Bargstedt, Calvin Smith, Nathan Howton, and Trisha Alliss (collectively, "Class Plaintiffs or Class Representatives"), and General Motors LLC ("GM") (together, the "Parties"), by and through their undersigned counsel, hereby submit this proposed Stipulated Order for Preliminary Approval of Class Action Settlement:

  WHEREAS, the Court having reviewed and considered the Motion for Preliminary Approval and supporting materials filed by Settlement Class Counsel;

  WHEREAS, the Court held a hearing on the Motion for Preliminary Approval on July 11, 2024; and

  WHEREAS, this Court has fully considered the record and requirements of law; and good cause appearing;

WHEREAS, this Court previously certified seven state-specific classes for California, Florida, Illinois, Iowa, New York, Pennsylvania, and Texas, which covered truck purchasers from March 1, 2010 to "the date of the Court-ordered notice" to the state Classes;[1]

**IT IS THIS** 16th day of July, 2024 **ORDERED** that the Settlement is hereby **PRELIMINARILY APPROVED**. The Court further finds the order as follows:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this District.

2. The Court has personal jurisdiction over the Class Plaintiffs, Settlement Class Members, and GM.

3. To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

4. The Settlement was the result of the Parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's length negotiations. The Settlement is not the result of collusion.

5. The proceedings and discovery that occurred before the Parties reached the Settlement gave counsel the opportunity to adequately assess this case's strengths and weaknesses and thus to

---

[1] *See Chapman v. Gen. Motors LLC*, 2023 WL 274780, at *21-22 (E.D. Mich. Mar. 31, 2023).

structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

6. The Court has carefully reviewed the Settlement Agreement and finds that the Settlement is fair, reasonable, adequate and meets the standards for preliminary approval under Fed. R. Civ. P. 23(a) and (b). Accordingly, the Court preliminarily approves all terms of the Settlement and all of its Exhibits.

7. The Court conditionally modifies the class definitions in its Class Certification Order (ECF No. 170) to include the following Settlement Classes:

> All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in California from March 1, 2010 to the date of the Court-ordered settlement notice.
>
> All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in Florida from March 1, 2010, to the date of the Court-ordered settlement notice.
>
> All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in Illinois from March 1, 2010, to the date of the Court-ordered settlement notice.
>
> All persons who purchased one or more of the Class Vehicles from a GM-authorized dealership in Iowa from March 1, 2010, to the date of the Court-ordered settlement notice.
>
> All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in New York from March 1, 2010, to the date of the Court-ordered settlement notice.

> All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in Pennsylvania from March 1, 2010, to the date of the Court-ordered settlement notice.
>
> All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in Texas from March 1, 2010, to the date of the Court-ordered settlement notice.

Excluded from the Settlement Classes are: GM; any affiliate, parent, or subsidiary of GM; any entity in which GM has a controlling interest; any officer, director, or employee of GM; any successor or assign of GM; and any judge to whom this Action is assigned, his or her spouse; individuals and/or entities who validly and timely opted-out of the previous certified classes or who validly and timely opt out of the settlement; and current or former owners of Class Vehicles that previously released their claims in an individual settlement with GM with respect to the issues raised the Action.

8. The Court has reviewed and finds that the content of the proposed forms of Notice attached as Exhibits B and C to the Settlement Agreement, which are to be displayed, along with the Settlement Agreement and its Exhibits, on the Settlement Website, satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process and accordingly approves the Notice and Claim Form.

9. The Court further approves the proposed methods for giving notice of the Settlement to members of the Settlement Class, as reflected in the Settlement Agreement. The Court has reviewed the plan for

distributing Notice to the Settlement Class and finds that Settlement Class Members will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal that on an agreed upon date with the Settlement Administrator, but in no event more than sixty (60) days after entry of the Preliminary Approval Order, the Settlement Administrator shall provide by direct U.S. mail, and by email, to all reasonably identifiable Class Members, each of the following: (i) the Long Form Notice; (ii) a Settlement Fund Claim Form; and (iii) a Reimbursement Program Claim Form. The Court specifically approves the procedures set forth in the Settlement Agreement for identifying Settlement Class Members and notifying Settlement Class Members whose initial mailings are returned undeliverable. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2) and Fed. R. Civ. P. 23(e)(1) and Due Process.

10. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Fairness Hearing will be held on **January 21, 2025 at 2:00 p.m.** (the "Fairness Hearing" or "Final Approval Hearing") including, but not limited to, the following issues: (1) to determine whether to grant final approval to the Settlement Agreement; (2) to rule on Settlement Class Counsel's request for an award of attorneys' fees and reimbursement of costs and for Service Awards to Class Representatives; and (3) to consider

5

whether to enter the Final Approval Order. The Fairness Hearing may be adjourned by the Court and the Court may address matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Settlement Claims Administrator's websites.

11. The Court directs that no later than fourteen (14) days prior to the Fairness Hearing, Class Counsel shall file all memoranda, including affidavits, declarations, and other evidence in support of the request for final approval of the Settlement; Class Counsel's request for approval of attorneys' fees, costs, and reimbursement of expenses; and the request for Service Awards to the individual Named Plaintiffs. The Court further directs that no later than seven (7) days prior to the Fairness Hearing, Settlement Class Counsel shall file any supplemental memoranda addressing any objections and/or opt-outs.

12. Persons wishing to object to the proposed Settlement and/or be heard at the Fairness Hearing shall follow the following procedure:

> (a) To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, and must also serve a copy thereof upon the following, postmarked no later than **90 days** after the Notice Date:

6

<u>Counsel for Plaintiffs</u>:
Jerrod C. Patterson
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Second Avenue
Suite 200
Seattle, WA 98101

Lauren Akers
HILLIARD LAW
719 S. Shoreline Blvd.
Corpus Christi, TX 78401

<u>Counsel for GM</u>:
April N. Ross
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

    (b)    Any objecting Settlement Class Member must include with his or her objection:

- i. The case name and number, *Mark Chapman, et al. v. General Motors LLC*, 2:19-CV-12333 (E.D. Mich.);
- ii. The objecting Settlement Class Member's full name, current address, and current telephone number;
- iii. The model, model year and VIN of his/her/its Class Vehicle(s);
- iv. The name and location of the GM-authorized dealership at which the Class Vehicle was purchased;
- v. A statement of the objection(s), including all factual and legal grounds for the position;

7

    vi.    Copies of any documents the objector wishes to submit in support;

    vii.    The name and address of the attorney(s), if any, who is representing the objecting Settlement Class Member in making the objection or who may be entitled to compensation in connection with the objection;

    viii.    A statement of whether the Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel;

    ix.    The identity of all counsel (if any) who will appear on behalf of the objecting Class Member and all persons (if any) who will be called to testify in support of the objection;

    x.    The signature of the Class Member objecting, in addition to the signature of any attorney representing the objecting Class Member in connection with the objection; and

    xi.    The date of the objection.

In addition, any Class Member objecting to the Settlement shall provide a list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years. If the Class Member or his or her counsel has not made any such prior objection, the Class Member shall affirmatively so state in the written materials provided with the objection.

    (c)    Subject to the approval of the Court, any objecting Settlement Class Member may appear, personally or by

8

counsel, at the Fairness Hearing to explain why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or incentive awards. Any Settlement Class Member who does not provide a notice of intention to appear at the hearing in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, may be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement, by appeal or otherwise.

(d) Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement and/or Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses. Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees and litigation expenses, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expenses request in this or any other proceeding.

9

(e) The filing of an objection allows Class Counsel or GM's Counsel to notice such objecting person for and take his, her, or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself/herself/itself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

13. The Court appoints JND Legal Administration as the Settlement Administrator. The Parties are hereby authorized to retain the Settlement Administrator to supervise and administer the Notice procedure as well as the processing of Claims.

14. All Settlement Class Members shall have the right to opt out of the Settlement Class at any time during the opt-out period. The opt-out period shall run for **90 days** from the Notice Date. Any Settlement Class Member who elects to opt out of the Settlement Class (i) shall not be bound by any orders or judgments entered in this Action; (ii) shall not be entitled to relief under, or be affected by, the Settlement Agreement;

(iii) shall not gain any rights by virtue of this Settlement Agreement; and (iv) shall not be entitled to object to any aspect of this Settlement Agreement. Any Settlement Class Member who wishes to opt out of the Settlement Class may do so by submitting a request for exclusion ("Request for Exclusion") to the Settlement Claims Administrator as provided in the Notice. To be effective, the Request for Exclusion must be sent via first-class U.S. mail to the specified address and shall state:

      i. The Settlement Class Member's full name and current address;

      ii. The model, model year, and Vehicle Identification ("VIN") of his/her/its Class Vehicle(s) and the dealership name and approximate date(s) of purchase; and

      iii. His/her/its desire to be excluded from the Settlement and from the Settlement Class.

Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement. The Settlement Administrator shall report the names of all Class Members who have submitted a Request for Exclusion to the Parties on a weekly basis, beginning thirty (30) days after the Notice Date. The Settlement Administrator shall also report a final tabulation of the names and addresses of such entities and natural persons to the Court and to Class Counsel no less than seven (7) days before the Fairness Hearing.

15. Any member of the Settlement Class failing to properly and timely mail such a written Request for Exclusion shall be automatically included in the Settlement Class and shall be bound by all of the terms and provisions of the Settlement Agreement.

16. Upon Final Approval of the Settlement, all Settlement Class Members who do not timely and properly opt out of the Settlement shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the Released Parties from all Released Claims as set forth in the Settlement Agreement, and the Action with respect to Settlement Class Members will be deemed dismissed with prejudice.

17. In the event that the Settlement Agreement is not finally approved, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement. If the Settlement Agreement is not finally approved, GM and any other Releasees shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). This Action shall thereupon revert immediately to its procedural and substantive status prior to the date of execution of the

Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

18. The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any unresolved disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights as described above.

19. Pending final determination of the Settlement Agreement, all proceedings in this Action other than settlement approval proceedings shall be stayed.

**IT IS SO ORDERED.**

Dated: July 16, 2024

/s/ Terrence G. Berg
The Honorable Terrence G. Berg
United States District Judge