UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK D. CHAPMAN,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **GENERAL MOTORS LLC,** <br><br> Defendant. | 2:19-CV-12333-TGB-DRG <br><br> HON. TERRENCE G. BERG <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (ECF NO. 247)** |

Plaintiffs Mark Chapman, Kyle McDuffie, Bryan Joyce, Stacy Wade Sizelove, Kevin Allen Lawson, Holly Reasor, Homero Medina, Jacqueline Bargstedt, Calvin Smith, Nathan Howton, and Trisha Alliss (collectively, "Class Plaintiffs" or "Class Representatives"), and General Motors, LLC ("GM") (together, the "Parties"), by and through their undersigned counsel, having submitted a proposed Stipulated Order for Final Approval of Class Action Settlement:

**WHEREAS**, the Court having reviewed and considered the Motion for Final Approval and supporting materials filed by Class Counsel, as well as objections timely filed by prospective Settlement Class Members;

**WHEREAS**, the Court held a hearing on the Motion for Final Approval on April 25, 2025, during which objectors who were present had an opportunity to be heard, and were so heard;

**WHEREAS**, this Court has fully considered the record and requirements of law; and good cause appearing; and,

**WHEREAS**, this Court previously certified seven state-specific classes for California, Florida, Illinois, Iowa, New York, Pennsylvania, and Texas, which covered truck purchasers from March 1, 2010, to "the date of the Court-ordered notice" to the state Classes;[1]

**IT IS THIS** 6th day of May, 2025 **ORDERED** that the Settlement is hereby **FINALLY APPROVED**.

The Court further finds as follows:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this District.

2. The Court has personal jurisdiction over the Class Plaintiffs, Settlement Class Members, and GM.

3. To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

4. The Court confirms its previous preliminary findings in the Preliminary Approval Order.

---

[1] *See Chapman v. Gen. Motors LLC*, 2023 WL 274780, at *21-22 (E.D. Mich. Mar. 31, 2023).

5.  The Court finally modifies the class definitions in its Class Certification Order (ECF No. 170) to include the following Settlement Classes:

> All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in California from March 1, 2010, to the date of the Court-ordered settlement notice.
>
> All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in Florida from March 1, 2010, to the date of the Court-ordered settlement notice.
>
> All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in Illinois from March 1, 2010, to the date of the Court-ordered settlement notice.
>
> All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in Iowa from March 1, 2010, to the date of the Court-ordered settlement notice.
>
> All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in New York from March 1, 2010, to the date of the Court-ordered settlement notice.
>
> All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in Pennsylvania from March 1, 2010, to the date of the Court-ordered settlement notice.
>
> All persons or entities who purchased one or more of the Class Vehicles from a GM-authorized dealership in Texas from March 1, 2010, to the date of the Court-ordered settlement notice.

Excluded from the Settlement Classes are: GM; any affiliate, parent, or subsidiary of GM; any entity in which GM has a controlling interest; any officer, director, or employee of GM; any successor or assign of GM; and any judge to whom this Action is assigned, his or her spouse; individuals and/or entities who validly and timely opted-out of the previous certified classes or who validly and timely opt out of the settlement; and current or former owners of Class Vehicles that previously released their claims in an individual settlement with GM with respect to the issues raised the Action.

6. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, by mailing such Notice by first-class mail, and by email. The Settlement Claims Administrator, JND Legal Administration LLC ("JND"), also placed the Notice on the settlement website. The direct notice effort successfully delivered notice to 375,728 Class Members, or 96 percent of the known Class. The direct notice effort alone reached virtually all potential Class Members. The supplemental digital effort, internet search campaign, and press release further enhance that reach. Thus, notice has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

7. In accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the Settlement Claims Administrator caused to be mailed a copy of the proposed class action settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General in each of the jurisdictions where Class members reside. None of the Attorneys General filed objections to the Settlement. The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

8. The Settlement was a result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective cases. The Settlement is fair, reasonable, and adequate, and serves the best interests of the Settlement Class in light of all the relevant factors including the benefits afforded to the Settlement Class, the complexity, expense, uncertainty, and duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

9. The Parties and Settlement Class Members have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of this Settlement.

10. It is in the best interests of the Parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any

dispute as to whether any person is a Settlement Class Member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or this Final Order and Judgment should be presented exclusively to this Court for resolution.

11.     The Settlement Agreement submitted by the Parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

12.     The Parties and each person within the definition of the Settlement Class are hereby bound by the terms and conditions of the Settlement Agreement, except for those who have duly and timely excluded themselves. A list of the names of each Settlement Class Member who has filed a timely and proper request for exclusion from the Settlement Class under the procedures set forth in the Settlement Agreement was submitted as Exhibit A to the Declaration of Gina Intrepido-Bowden. *See* ECF No. 248.

13.     The Litigation is hereby **DISMISSED WITH PREJUDICE** and without costs. This Judgment has been entered without any admission by any Party as to the merits of any allegation in this litigation and shall not constitute a finding of either fact or law as to the merits of any claim or defense asserted in the litigation.

14. The Released Claims of all Settlement Class Members are hereby fully, finally, and forever released, discharged, compromised, settled, relinquished, and dismissed with prejudice against all of the Released Parties.

15. Members of the Settlement Class and their successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, in any manner, any Released Claim against any one of the Released Parties in any forum, with the exception of any Settlement Class Members who have duly and timely excluded themselves.

16. The Settlement Agreement, Settlement related documents, and/or the Court's approval thereof, does not constitute, and is not to be used or construed as any admission by Defendant or by any Released Party of any allegations, claims, or alleged wrongdoing.

17. Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for, any suit, action, proceeding, or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement, or the Applicability of the Settlement Agreement. Without limiting the generality of the foregoing,

any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all persons within the definition of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

18. The Court finds that the Settlement Class Members were given a full and fair opportunity to object to the Settlement, to exclude themselves from the Settlement Class, and/or to appear at the final fairness hearing pursuant to the requirements set forth in the Settlement Agreement, Preliminary Approval Order, and Class Notice. As of the date of the Fairness Hearing, the Court was aware of 19 objections. Thus, less than .005 percent of Settlement Class Members objected. In contrast, JND already received more than 3,000 claim forms from prospective Settlement Class Members, and the Settlement has the full support of all the Plaintiffs.

19. The Court finds that no just reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed to enter final judgment.

**IT IS SO ORDERED**.

Dated: May 6, 2025                    /s/Terrence G. Berg
                                      TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE